**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KIMBERLY SHIELDS,**
                 Plaintiff,

-vs-                                                            Case No.  6:08-cv-239-Orl-18KRS

**CITY OF LAKE MARY, FLORIDA,**
**DONALD ESLINGER,**
                 Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT SHERIFF'S MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES (Doc. No. 27)** |
| **FILED:** | **May 19, 2008** |

Defendant Sheriff Donald Eslinger moves for leave to file an amended answer.  Doc. No. 27. Plaintiff Kimberly Shields opposes the motion.  Doc. No. 30.  The presiding judge has referred the motion to me for issuance of a report and recommendation.  Doc. No. 31.

**I.    STATEMENT OF FACTS.**

This action was commenced in the Circuit Court for Seminole County.  Doc. No. 1-41 at 12-25.  In her initial complaint, Shields alleged that Eslinger was liable in his official capacity for the actions of employees at the Seminole County Jail.  After being arrested by a Lake Mary police officer on an outstanding warrant,  Shields was turned over to the Seminole County Jail on April 24, 2002, at approximately 2:38 p.m.  *Id*. ¶¶ 12-16, 25.  The warrant did not permit Shields to be released on

bond. *Id*. ¶ 27. Florida law provides that a person held in the jail's general population may be strip searched. *Id*. An officer at the jail strip searched Shields despite her contention that she was not the person identified in the warrant and without first confirming her identity by photographic comparison. *Id*. ¶¶ 7, 26-29. Jail officials determined within one hour of Shields' arrival at the jail that she was not the person identified in the warrant, but they refused to release her. *Id*. ¶ 30-32. Following a judge's order releasing her at 1:30 p.m. on April 25, 2001, Shields continued to be detained until just after 5:00 p.m. *Id*. ¶¶ 33-35.

On February 6, 2008, Shields filed her First Amended Complaint. Doc. No. 2. The First Amended Complaint alleges that the Seminole County Jail officers strip searched Shields after learning that she was not the person named in the warrant. *Id*. ¶¶ 27-31. She further alleges that during the strip search, she was observed by a male officer who stood in the open doorway of the room. *Id*. ¶ 33. Shields also amended her allegations regarding bond, alleging that the warrant provided for a $1,500.00 bond, but that she was not given the opportunity to post bond. *Id*. ¶¶ 25-26. The First Amended Complaint also contains additional allegations regarding her treatment while jailed, including being forced to shower and to have a substance sprayed on her to prevent crabs and lice. *Id*. ¶¶ 36-39.

The First Amended Complaint repeated Shields' theories based on false imprisonment and unlawful strip search and added theories based on negligence related to the bond issue and violation of the Fourth Amendment for detaining her after the judge ordered her release. Defendants then removed the case to this Court. Doc. No. 1. Eslinger answered the First Amended Complaint on March 28, 2008. Doc. No. 24. The Court entered a Case Management and Scheduling Order on April

28, 2008, and set a deadline of May 30, 2008 to amend pleadings. Doc. No. 25. Eslinger's motion to amend his answer was filed on May 19, 2008.

## II.   STANDARD OF REVIEW.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The district court may consider the following factors to justify the denial of leave: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The district court has complete discretion to permit amendment of the pleadings, but refusing to grant leave to amend without supplying a justifiable reason is an abuse of discretion and "inconsistent with the spirit of the Federal Rules." *Id*.

## III.   ANALYSIS.

Eslinger desires to amend his answer to add the following additional affirmative defense:

> To the extent that any new claims or theories of liability described in the First Amended Complaint do not arise out of the same conduct, transaction, or occurrence set out in the original Complaint, such claim or theory is brought after the expiration of the statute of limitations and is therefore barred.

Shields opposes the amendment as futile. She argues that the claims set forth in the First Amended Complaint relate back to the date the original complaint was filed and, therefore, any statute of limitations defense is without merit.

Rule 15(c) addresses the relation back principle. It states in relevant part:

> An amendment to a pleading relates back to the original date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relations back; [or] (B) the amendment asserts a

>claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to set out – in the original pleading. . . .

Fed. R. Civ. P. 15(c)(1). "The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir.1993). "When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Id*. (quoting *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir.1985)).

The determination of whether the new causes of action arose from new or distinct conduct, transactions, or occurrences is more appropriately considered in response to a dispositive motion. Accordingly, I respectfully recommend that the Court **GRANT** Defendant Sheriff's Motion to Amend Answer and Affirmative Defenses, doc. no. 27, and **ORDER** Eslinger to file separately his amended answer within five days after the Court adopts this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 18, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE