**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KIMBERLY SHIELDS,**
                 **Plaintiff,**

**-vs-**                                                  **Case No. 6:08-cv-239-Orl-18KRS**

**CITY OF LAKE MARY, FLORIDA,
DONALD ESLINGER,**
                 **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S OBJECTION TO AND MOTION IN OPPOSITION TO DEFENDANT'S PROPOSED BILL OF COSTS (Doc. No. 80)** |
| **FILED:** | **March 16, 2009** |

## I. BACKGROUND.

On February 6, 2008, Plaintiff Kimberly Shields filed an amended complaint in state court alleging false imprisonment, unlawful strip search in violation of a Florida statute, negligence, and violation of the Fourth Amendment to the United States Constitution. Doc. No. 2. Defendant Donald Eslinger, in his official capacity as Sheriff of Seminole County, Florida, removed the case to this court on February 14, 2008. Doc. No. 1. The Court granted Eslinger summary judgment on the sole federal count in Shields's complaint and remanded the remaining state law claims. Doc. Nos. 76, 83.

Eslinger filed his proposed bill of costs on March 10, 2009, and the Clerk taxed costs in the amount of $6,385.42 on March 11, 2009. Doc. Nos. 77-78. Shields timely filed her Objection to and

Motion in Opposition to Defendant's Proposed Bill of Costs on March 16, 2009. Doc. No. 80. *See* Fed. R. Civ. P. 54(d)(1) (providing for court review on a motion filed within five days of clerk's action). The presiding judge has referred this matter to me for a Report and Recommendation. Doc. No. 86.

## II. APPLICABLE LAW.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (internal citations omitted). "[A] district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs." *Id.* (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023-24 (11th Cir. 2000)). Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920.

The following are the allowable costs as set forth in 28 U.S.C. § 1920:

        (1)    Fees of the clerk and marshal;
        (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
        (3)    Fees and disbursements for printing and witnesses;
        (4)    Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
        (5)    Docket fees under 28 U.S.C. § 1923;
        (6)    Compensation of court appointed experts, interpreters, and special interpretation services.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford*

*Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## III. OBJECTIONS.

*A. Request to Stay Cost Award.*

Shields requests that the Court stay any award of costs until after it adjudicates the state law claims. Doc. No. 80 at 2-3. Subsequent to Shields's filing, the Court remanded those claims to state court. Doc. No. 83. As the Court has now adjudicated all of Shields's claims, this request is moot.

*B. Objection to Costs Incurred Prior to Addition of Federal Claim.*

Shields filed an amended complaint in February 2008 that included a federal civil rights claim not previously pleaded. *Compare* Doc. No. 80 at 3 *with* Doc. No. 2. Shields argues that the costs incurred prior to this filing would have been "separate and distinct from any costs expended" afterwards, and those earlier costs "cannot be deemed being 'necessarily obtained' for use regarding" the federal civil rights claim, which is the only claim on which Eslinger prevailed in this Court. Shields requests the Court deny all costs incurred prior to February 2008.

Some courts have awarded costs only to the extent that they relate to successful, not unsuccessful, claims. *See, e.g., Vought v. Teamsters Gen'l Union Local No. 662,* No. 05-C-552, 2008 WL 3981989, at *7-*9 (E.D. Wis. 2008); *Gorelangton v. City of Reno*, 638 F. Supp. 1426, 1432 (D. Nev. 1986). In this circuit, however, the question of whether costs were necessary to the litigation must be evaluated in the context of the case at the time the costs were incurred. *See Nat'l Bancard Corp. v. Visa, U.S.A.*, 112 F.R.D. 62, 66 (S.D. Fla. 1986)(citing *United States v. Kolesar*, 313 F.2d

835, 840 (5th Cir. 1963)). Because the Court did not decline to exercise jurisdiction over Shields's state law causes of action until it entered the summary judgment order on Shields's federal cause of action, Eslinger was required to defend all of the causes of action throughout the litigation. Under these circumstances, allocation of costs between the federal claim and the remanded state law claims is not appropriate.

*C. Fees for Service of Process.*

Shields objects to the award of $65.00 for service of two subpoenas by private process servers, and cites a split in authority noted by this Court in 1999. Doc. No. 80 at 5. In 2000, the United States Court of Appeals for the Eleventh Circuit held that although § 1920(1) specifically mentions the term "marshal," service by a private process server is also compensable. *W&O, Inc.*, 213 F.3d at 623-24. The *W & O* court held that § 1920(1), read in conjunction with 28 U.S.C. § 1921,[1] authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal effect service. *W & O*, 213 F.3d at 623-24.

When the Marshals Service serves process, its rate is $55 per hour or portion thereof for each item served, plus travel costs and other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(3). Because the fees of the private process servers were less than the $110.00 minimum amount that would have been charged by the Marshals Service, Shields's objection to the $65.00 in process service fees is unavailing.

---

[1] Section 1921(a) outlines the types of activities for which U.S. Marshals may collect a fee, including service of subpoenas. Pursuant to the authority granted by § 1921(b), the Attorney General has promulgated regulations concerning the fees that the Marshals Service may charge for those activities in 28 C.F.R. § 0.114.

-4-

*D. Fees of the Court Reporter.*

Shields objects to portions of the $4,619.93 in court reporter fees taxed against her. Specifically, Shields objects to deposition transcript fees for Michael Conneely, Colin Morgan, Susan Atkins, Tammy Lipkins, Mark Nelson, Shannon McGuire, and Michael Hesketh on the grounds these depositions were "taken by Plaintiff for discovery purposes" and were never cited by the Court in its orders or by Eslinger in his summary judgment motion, submitted into evidence, or otherwise necessarily obtained for use in the case. Doc. No. 80 at 6-7 (citing *Felts v. Nat'l Account Sys. Assoc.*, 83 F.R.D. 112 (N.D. Miss. 1979)).[2] The case cited by Shields does not stand for the proposition. As the *Felts* court noted, "[t]he issue is not whether the copies of the depositions were used by [the defendants] in preparing their summary judgment motions, but whether the court finds that all or any one of the copies were necessarily obtained for use in the case." *Felts*, 83 F.R.D. at 113.

Deposition costs of witnesses on a losing party's witness list are generally considered taxable. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F .3d 1207, 1225 (11th Cir. 2002). In her Rule 26(a)(1)(A)(1) initial disclosures, Shields listed Conneely, Atkins, Nelson, McGuire and Hesketh as individuals that Shields might use to support her claims. Doc. No. 85-2. Therefore, the costs of the depositions of these five witnesses were necessarily incurred.

"Charges for a copy of a deposition taken by an opponent are recoverable." *Fulton Fed. Sav. & Loan Ass'n v. Am. Ins. Co.*, 143 F.R.D. 292, 296 (N.D. Ga. 1991). Shields represents that she conducted the depositions of Morgan and Lipkins (as well as Conneely, Atkins, and Nelson), Doc.

---

[2] Shields also objects to the fees because the depositions "were unrelated to Count IV of Shields's Complaint . . . ." *Id.* at 7. *See supra* Section III.B. (discussing allocation of costs to a particular claim).

No. 80 at 6, and the transcript of the deposition of David Parrish, Eslinger's expert witness, reflects that the deposition was conducted by Shields, Doc. No. 55. Therefore, the costs Eslinger incurred in obtaining copies of deposition transcripts for Morgan, Lipkins and Parrish are also taxable.[3]

Finally, Shields objects to the fees for two transcripts of hearings conducted before a state court judge prior to removal of the case to this Court. Doc. No. 80 at 7-8. The transcripts are identified in the proposed bill of costs as "Orange Reporting, Inc.–Hearing before Judge Simmons $140.00"; and "The Reporting Company –Hearing before Judge Simmons $471.50." Doc. No. 77-2 at 2. Shields contends that the costs of pretrial hearing transcripts are not taxable if they "did not greatly clarify the trial issues and if their substance could have been determined from the Court's orders and memoranda." *Id.* at 65 (citing *Nat'l Bancard Corp.*, 112 F.R.D. at 62). In this case, Shields asserts that because the pretrial motion hearings were not related to any substantive issues in this case, the transcripts were unnecessary. Doc. No. 80 at 8.

Eslinger relied on the transcript of a January 17, 2008, hearing before Judge Simmons in support of his motion for summary judgment. Doc. No. 48 at 2 n.1. He represents that the hearing transcript was necessary to explain why he was filing a second motion for summary judgment in this case, the first motion having been filed in state court, and to "put the court on notice of the evolution of Plaintiff's Fourth Amendment, claim false imprisonment claim, and unlawful strip search claim." Doc. No. 85 at 7. Eslinger could have advised the Court of the procedural history in state court without incurring the expense of a 50-page hearing transcript, and he did not establish that the

---

[3] Eslinger cited Parrish's deposition numerous times in his motion for summary judgment, Doc. No. 48 at 13, 15-16, and filed the transcript with the Court. Doc. No. 55. Eslinger also cited Nelson's deposition in support of his memorandum in opposition to Shields's motion for summary judgment.

evolution of Shields's claims was necessary in resolving the case. Eslinger did not address the necessity of obtaining the second transcript of an unidentified hearing before Judge Simmons, and I have not located references to a second hearing transcript in the file. Accordingly, Shields's objection to the costs incurred in obtaining the state court hearing transcripts, totaling $611.50, is well taken.

*E.     Copying Costs.*

Shields objects to the copying costs claimed by Eslinger, Doc. No. 80 at 9-10, and described only as "Copies, in-house" followed by a date. Doc. No. 77-2 at 2-4. "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Desisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (citing *Fressell v. AT&T Technologies, Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984), *aff'd sub nom. Desisto College, Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990). Copies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not taxable. *Desisto*, 718 F. Supp. at 913 (citing *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988) and *Fressell*, 103 F.R.D. at 116). The burden of proof for copying expenses is on the moving party because the cost is within the exclusive knowledge of the moving party. *Desisto*, 718 F. Supp. at 910 n.1. In this case, Eslinger has offered no explanation of the reason for incurring the in-house photocopy charges, and fails to address this objection in his response. Accordingly, Shields's objection to these costs, totaling $1,149.72, is well taken.

*F.     Fees For Witnesses.*

Shields objects to the $90.00 in witness fees paid to Connie Shields and Michael Hesketh. Doc. No. 80 at 10. She contends "Defendant produced no documents indicating that these two witnesses were paid a witness fee." *Id.* Eslinger attached check stubs for the witness fees paid to Hesketh and Shields to his response. Doc. No. 85-3. These costs are properly taxed under § 1920(3). Accordingly, this objection is unavailing.

*G. Fees for Certified Criminal Files.*

Shields objects to Eslinger's request for taxation of $3.00 paid to obtain Shields's arrest reports from the City of New Smyrna Beach and $13.00 paid to obtain for Shields's certified criminal file from Seminole County, contending that Eslinger has provided no explanation of how these records were necessarily obtained for use in the case. Doc. No. 80 at 10-11. Eslinger responds, Doc. No. 85 at 8, that he obtained Shields's 2001 City of New Smyrna Beach arrest reports to rebut her assertion in her deposition that she had never been arrested prior to the 2002 arrest that gave rise to this case. *See* Doc. No. 52 at 7 ("Q. Have you ever been arrested before – A. No."). Eslinger represents that he obtained the certified criminal file from Seminole County "to verify Plaintiff's assertion that Judge Bravo ordered her release at 1:30 p.m. on April 25, 2002." Doc. No. 85 at 8. He contends this record was necessarily obtained for this case because "the delay between the time of the court-ordered release and Plaintiff's physical release from jail was the basis of Plaintiff's claim for overdetention" in Count IV of her amended complaint. *Id.* at 8-9. Based on Eslinger's explanation of the need for each transcript, Shields's objections to these costs are unavailing.

In sum, I recommend that the Court find that $611.50 incurred to obtain copies of state court hearing transcripts, and $1,149.72 of in-house photocopy costs were not necessarily incurred.

## IV. RECOMMENDATION.

For the foregoing reasons, I recommend the Court **VACATE** the Bill of Costs taxed by the Clerk of Court, Doc. No. 78, and award Defendant costs in the total amount of $4,624.20.[4]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 24, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[4] This amount is calculated as follows: Total costs sought ($6,385.42), less costs of state court hearing transcripts ($611.50) less costs of photocopies ($1,149.72), which totals $4,624.20.